## Case No. 9,841.

MORRISON et al. v. AMERICAN POPULAR LIFE INS. CO.

[5 Ins. Law J. 752.]

Circuit Court, D. New Hampshire. May Term, 1876.

INSURANCE—LIFE—CONDITIONS OF POLICY—PAID-UP POLICY—RIGHT TO DEMAND.

The policy provided that on its delivery to the company, properly receipted and cancelled, a paid-up policy would be given, provided the last premium due should not have remained unpaid more than thirty days. The plaintiffs sent the sub-agent, who was not employed by the company, from whom the policy had been received, and to whom the premiums were paid, a notice of their desire to secure a paid-up policy, and to deliver, cancel, etc., the policy, with a request to forward the same to the company immediately for its action. The notice was delivered to the agent within about twenty days after the premium was due, and was answered by the company at the expiration of the thirty days, stating that the plaintiffs would perceive from their policy what was necessary to do, and when; whereupon a formal discharge of the policy was executed and delivered to the general agent, at the same time expressing a willingness to do whatever was necessary, and requesting a paid-up policy. Held, in equity, that the plaintiffs had sufficiently complied to entitle them to a paid-up policy.

This is a bill in equity brought by the complainants, who are residents of Manchester, New Hampshire, against the defendant corporation, which is established by the laws of the state of New York. The bill was originally filed in the state court, but subsequently was removed to the United States court by the defendant. The complainants set forth in their bill of complaint, that the company, on or about the 28th day of July, 1867, by their policy of insurance, in consideration of the representation made to it in the application for said policy; and the sum of one hundred and twenty-four dollars and twenty-two cents paid to the company by said Charles R. Morrison, and of the payment of a like amount to be made on or before the 26th day of July on every year, from and including the 26th day of July, 1867, during the life of said Charles, not exceeding ten annual payments in all, promised the plaintiffs to pay the sum of two thousand dollars to the said Susan F. Morrison in case she should survive her said husband. And in case she should not survive him, to his executors, etc., within ninety days after his decease, upon due notice and proof of the same; and the company also, in and by said policy, further promise, as expressed in said policy, that after payment of any of the premiums above mentioned, the said company will give to the assured a paid-up policy for an amount equal to its true value, as shall be estimated at that time by the actuary of the company, upon the delivery to it of the policy properly receipted and cancelled, provided the last payment of premium shall not have remained unpaid for more than thirty days. The plaintiffs further say that five of said annual premiums out of the ten were paid as required and provided by the policy, the last payment being on the 26th day of July, 1873, for one year from the 26th day of July, 1873, to the 26th day of July, 1874, and amounting in all to the sum of $621.10, and that on or about the 15th day of August, 1874, the plaintiffs sent to the "local" agent of said company, from whom said policy was in the first instance received, and to whom the said annual premium had been paid, one George Morrison, of Bath, N. H., a written notice that

they desired to receive a paid-up policy for the just proportional amount, and receipt, cancel and surrender the original policy as therein provided, with a request that said local agent would forward the same immediately to said company for its action thereon. They maintain that the local agent did forward the notice, and it was received by the company, at its office in New York, on or before the 19th day of August, 1874, and long before the expiration of thirty days from the 26th day of July, 1874, when the last unpaid premium became due. The company did not make any reply until by a letter dated Aug. 26, 1874, and received by the complainants on the 28th, in which the defendant stated that the complainants would perceive by their policy what it was necessary to do, and when, in order to receive a paid-up policy. On receipt of the letter, plaintiffs, on the 28th day of August, made and executed a formal discharge of this policy expressed to take effect when they should secure their paid-up policy, and delivered the same to the defendant's agent for the state of N. H., and requested a proportional paid-up policy, and at the same time informed him that they were ready to cancel and discharge the original policy in any proper manner in which the company might direct. The complainants also by a letter mailed at Manchester, 28th of August, to the company, informed the company of the leaving the policy and discharge with Gage, and of their readiness to cancel the original policy which they have ever since been ready to do, as well as all things to be by them done in order to receive such policy, but the defendant refused to make out and deliver the same. The prayer in the bill is that the defendant may be required to answer, and to be ordered, and decreed to execute and deliver a paid-up policy for the just sum, or to refund to the husband the sums by him paid, and interest thereon, and for other just relief. The answer of the defendant admits the execution of the policy, the five annual payments, the last of which was made on the 26th of July, 1873, and avers that another annual premium became due July 26, 1874, which the plaintiffs have not paid. They deny that George Morrison was an agent of the company, general or local, and claim that Gage et al. were the only agents who received from the company, and sent to the complainants, the policy; they deny that any notice to George Morrison was notice to the company, and deny that they intended to prevent complainant from surrendering the policy, etc., but gave him information of what he should do in order to obtain a paid-up policy. They assert that the failure of complainants' compliance with the requirements of the company, as contained in the policy, is not attributable to the fault of the company, but to the carelessness of the complainants in not consulting their policy, all the time in their possession, and it was the complainants' and not the company's fault that notice was given to George

Morrison, when the complainants knew that the proper and legal agent of the company was Gage·et al. upon whom notice could be properly served, etc. They contended that delivery of the policy, properly receipted and cancelled, to the company, and that within the thirty days specified, are conditions precedent which must be performed by the plaintiffs before the company can be required and bound to give them a paid-up policy, and that these conditions were not complied with, and deny the policy was ever delivered to the company properly receipted and canceled, but take exception to the wording of the cancellation. They maintain also that the receipt and discharge not being properly executed, in the event of the death of said Charles R., after a paid-up policy should be given him, his wife, or in event of her death, her heirs, would not be legally barred from claiming under the original policy, and that whatever was done upon the 28th of August, was too late in point of time to entitle the plaintiffs to any paid-up policy, whatever may have been its form, or whatever might have been its effect if seasonably made.

Charles R. Morrison, for complainants.
Sargent & Chase, for defendant.

SHEPLEY, Circuit Judge, after hearing the evidence printed with the case, decreed that the plaintiffs within thirty days from the 26th of July, 1874, had done sufficient to entitle them to an equitable paid-up policy, for an amount equal to its true value upon the basis of the payment of five annual premiums according to the terms of said policy, and that said company, within ten days from the date of the decree, shall make and execute to the complainants an equitable paid-up policy upon said basis, for an amount equal to its true value, to be estimated by the actuary of the company as of August 26, 1874. The case was referred to a master to report whether such policy as shall be produced by the company conforms to the decree, and has been duly executed and delivered; and further, that said complainants recover costs of suit.